## FAGAN v. ABORN.

### (Supreme Court, Appellate Term.   June 1, 1906.)

CONTRACTS—RESCISSION—WHAT CONSTITUTES.

Where an actor agreed to perform for defendant in vaudeville at four certain cities, and the contract provided that it might be canceled by either party on written notice, a letter from defendant, stating that, on account of vaudeville having proved a failure in three of the named cities, defendant was obliged to cancel the dates, amounted to a cancellation of the contract as to all the cities.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bernard J. Fagan against Milton Aborn. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Fromme Bros., for appellant.
Maurice Meyer, for respondent.

CLINCH, J. Plaintiff and his wife, whose interest in their claim against defendant was assigned to him before the commencement of this action, were vaudeville performers, playing under the stage name of Fagan & Byron. The suit was brought to recover damages for a breach of contract of employment whereby they agreed to furnish their performance for the four weeks commencing December 4, December 11, December 18, December 25, 1905, at Scranton, Wilkesbarre, Erie. and Harrisburg, Pa., respectively, at the agreed price of $250 per week. One clause of the contract read as follows:

"On three weeks' written notice by either party this contract may be canceled without any liability thereunder."

Plaintiff admits the receipt of the following letter from defendant, on or about October 31st, 1905:

"Dear Mr. Fagan: On account of Scranton, Harrisburg, and Wilkesbarre being a failure as far as vaudeville is concerned, am obliged to cancel your dates that you hold contracts for. Sorry to be obliged to do this, but they wouldn't stand for vaudeville in these towns.
"Yours truly,                                 Milton Aborn."

Plaintiff and his wife made no attempt to perform in Scranton, Harrisburg, or Wilkerbarre, and instructed their agent to secure other bookings, whether for the three or the four weeks does not appear from the record. There is some evidence that they proceeded to send to Erie, Pa., before December 18, 1905, which was the date of their booking at that place, a portion of the advance material which the terms of the contract provided should be sent to each place. This material was returned to them, and they made no effort to go to Erie. Subsequently this suit was brought for $250, the contract price for one week's performance. It further appears that the defendant engaged Fagan & Byron as two of a company comprising in all 17 or 18 persons, and that none of the entire troupe which was engaged to appear in these four cities with them did so appear, and that it was the custom of the defendant in the profession to make contracts of this nature for an entire circuit. In view of these facts we are of opinion that the learned justice

should have held that the defendant's written notification of October 31, 1905, was in effect a cancellation of the contract, to take effect three weeks after the receipt of the letter. The language of the letter "to cancel your dates that you hold contracts for" was evidently intended to include all dates after the expiration of three weeks, and the reason for the cancellation was that in three out of the four places vaudeville performances could not be successfully given. It does not follow that because the letter does not say that vaudeville would be unsuccessful in Erie, the contract was to remain in force as to that town. That this is also the defendant's interpretation of the letter of October 31st is apparent from the fact that he abandoned the entire enterprise.

For these reasons alone, the judgment should be reversed, with costs, and the complaint dismissed. All concur.